**EMPLOYERS REINSURANCE COR-
PORATION,        Defendant–Counter
Claimant–Appellant–Cross Appellee,**

v.

**The THOMSON CORPORATION,
Plaintiff–Counter Defendant–
Appellee–Cross Appellant.**

Nos. 08–1719–cv (Lead),
08–2100–cv (XAP).*

United States Court of Appeals,
Second Circuit.

·  Oct. 19, 2009.

---

* No. 08–2100–cv (XAP) has been closed by stip-
ulation filed December 30, 2008.

Melissa A. Murphy–Petros (Richard E.
Lerner and Glen S. Feinberg, on the
brief), Wilson, Elser, Moskowitz, Edelman
& Dicker LLP, Chicago, IL, for Appellant.

James Frederick Rittinger (Thomas J.
Cahill, on the brief), Satterlee Stephens
Burke & Burke LLP, New York, NY, for
Appellee.

Present: GUIDO CALABRESI,
RICHARD C. WESLEY, Circuit Judges,
ERIC N. VITALIANO, District Judge.**

### SUMMARY ORDER

Employers Reinsurance Corporation
("ERC") appeals from a judgment of the
United States District Court for the South-
ern District of New York (Berman, *J.* )
denying its motion for summary judgment
against The Thomson Corporation ("Thom-
son"), which brought this action seeking,

---

** The Honorable Eric N. Vitaliano, United
States District Court for the Eastern District
of New York, sitting by designation.

*inter alia,* a declaration that its communications liability insurance policy ("the policy") with ERC provided for coverage of up to $10 million. We assume the parties' familiarity with the underlying facts and the procedural history of the case, as well as the issues on appeal.

Thomson, the publisher of a Canadian newspaper called "The Globe and Mail," claims that ERC breached its obligation under the policy to provide $10 million (U.S.) in coverage with respect to two copyright lawsuits brought against it in Canada relating to the re-publication of freelance articles written for The Globe and Mail in "Info Globe Online," an electronic database owned by Thomson. The policy specifically provided "communications liability" coverage to the "Named Insured," which included Thomson and its subsidiaries, arising out of, among other things, copyright infringement "committed in the utterance or dissemination of matter by or with the permission of the NAMED INSURED or its subsidiary during the policy period [March 31, 1995–March 31, 1996] in the named publication(s) and in any advertising of the named publication(s)." Endorsement No. 31 extended coverage "to include the on-line activities of the Named Insured."

According to ERC, the policy provided coverage of up to $1 million (Canadian). ERC asserts that Endorsement No. 18 (adding the publication The Globe and Mail with a liability limit of $10 million (U.S.)) does not apply here because the copyright infringements did not occur in The Globe and Mail—but rather on Info Globe Online—and Info Globe Online is an "on-line activity" of "named insured" Thomson, not a daily electronic version of The Globe and Mail newspaper.

The district court denied ERC's motion for summary judgment, concluding that the policy was ambiguous as to whether the $1 million or the $10 million coverage limit applied to the copyright claims. The case proceeded to trial. The jury returned a verdict for Thomson, finding that the $10 million coverage limit set forth in Endorsement No. 18 applied. ERC appealed.

ERC now asks us to review the district court's order denying it summary judgment. ERC argues that the district court erred in concluding that the policy was ambiguous as to the liability limits applicable to the copyright infringement actions. It asserts that the policy unambiguously provided Thomson with coverage in the amount of $1 million (Canadian), not $10 million (U.S.) as found by the jury.

However, it was conceded on appeal that the case was tried by ERC on the theory that Globe Online was under the control of Thomson and therefore the coverage limit was $1 million (Canadian) as set forth in Endorsement No. 31 and not the $10 million (U.S.) provided for in Endorsement No. 18 for The Globe and Mirror. Thus, ERC tried the case on a theory different from that which it espoused in its motion for summary judgment, and it did not continue to assert at trial that the coverage issue could be decided as a matter of law.

Generally, a party cannot appeal from the denial of a motion for summary judgement where there was an intervening trial of the merits. *Pahuta v. Massey–Ferguson, Inc.,* 170 F.3d 125, 129–33 (2d Cir. 1999). The circumstances of ERC's employment of a trial strategy that differed from the legal theory it advanced on its motion for summary judgment do not make this case an appropriate candidate for any of the available exceptions to the general rule. *See Schaefer v. State Ins. Fund,* 207 F.3d 139, 142 (2d Cir.2000).

The Court has reviewed ERC's remaining arguments and finds them to be without merit. Accordingly, for the reasons

set forth above, the judgment of the district court is hereby **AFFIRMED.**